UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSEPH TRUAX,<br><br>Petitioner,<br><br>v.<br><br>M. SANDOR, Warden,<br><br>Respondent. | NO. EDCV 12-1396-GHK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

**I.**

**PROCEDURAL BACKGROUND**

On July 16, 1999, a San Bernardino County jury convicted Petitioner of premeditated attempted murder, kidnapping, and forcible rape. (Petition at 1a). Petitioner was sentenced to 16 years in prison plus life with the possibility of parole. (*Id.*)

On June 27, 2001, Petitioner filed a petition for writ of habeas corpus challenging his conviction in the Central District in *Truax v. Giurbino*, Case No. EDCV 01-453-GHK-Mc ("*Truax I*").[1] On May 9, 2002, judgment was entered

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the records in prior federal habeas corpus actions brought by Petitioner in the Central District and of applications filed by Petitioner in the Ninth Circuit.

denying the petition on the merits with prejudice. *Id.*, Dkt. No. 20.  On April 2, 2004, the Ninth Circuit affirmed in Case No. 02-56246, Dkt. No. 34.

On December 6, 2006, Petitioner filed an application for leave to file a second or successive petition in Ninth Circuit Case No. 06-75579, which was denied on February 28, 2007.

On June 17, 2008, Petitioner filed another habeas petition in the Central District in Case No. EDCV 08-810-GHK-CT.  On July 2, 2008, the petition was dismissed for lack of jurisdiction as a second or successive petition, and judgment was entered accordingly.  *Id.*, Dkt. Nos. 11-12.

On October 8, 2008, in Ninth Circuit Case No. 08-73213, the court denied Petitioner's application for authorization to file a second or successive petition.

On October 19, 2009, in Ninth Circuit Case No. 09-72972, the court denied Petitioner's application for authorization to file a second or successive petition.

On August 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in which he challenges his 1999 conviction.  (Petition at 1a.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.

Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Truax I*.

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit to file a second or successive petition. This court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED:   8/30/12

GEORGE H. KING
United States District Judge

3